IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLIS FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13cv97-WKW |
| | ) |
| JACKSON HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 14, 2013, Plaintiff filed a Complaint (Doc. 1) and a Motion to Proceed *in forma pauperis* (Doc. 2). On February 20, 2013, the District Judge entered an Order (Doc. 4) referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." On March 7, 2013, the Court granted Plaintiff's Motion to Proceed *in forma pauperis*, and service of process was stayed pending an obligatory review pursuant to 28 U.S.C. § 1915 by the Court. (Doc. 5). During the mandatory § 1915 review, the Court determined that Plaintiff's Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, given its "failure to state a federal claim, its failure to provide specific facts upon which a claim could be based, and its failure to request relief." Order of March 21, 2013 (Doc. 6) at 2. As such, the Court ordered Plaintiff to

> file an amended complaint which complies with Rule 8(a) of the Federal Rules of Civil Procedure and sets forth the following: which of Plaintiff's constitutional and/or statutorily protected rights were violated by Defendant's actions; Defendant's specific actions resulting in such alleged violations; the

relevant dates of all such actions; and the Plaintiff's requested relief. *Id*. at 2-3.  The Court clearly ordered Plaintiff to file his amended complaint "on or before **April 4th, 2013,**" and cautioned Plaintiff that "***his failure to file an amended complaint, as ordered, or to otherwise abide by this or any other order of the Court, may result in the undersigned's recommendation that this matter be dismissed for failure to state a claim on which relief may be granted.***"  *Id*. at 3 (emphasis in original).

As of the present date, Plaintiff has failed to file an amended complaint or any response to the order issued on March 21, 2013.  Consequently, the Court concludes this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to state a claim on which relief may be granted and his failure to prosecute this action and comply with the orders of this court.  It is further

ORDERED that on or before **May 7, 2013**, Plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      Done this 23rd day of April, 2013.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE