IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLIS FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-97-WKW |
| | ) [WO] |
| JACKSON HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On April 23, 2013, the Magistrate Judge recommended dismissal of Plaintiff's complaint without prejudice for failure to state a claim on which relief can be granted. (Doc. # 7.) Plaintiff timely objected. (Doc. # 8.) The Recommendation is due to be adopted.

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action against Jackson Hospital. Construing his complaint liberally, Plaintiff alleges that Defendant refused to provide him his mother's hospital records and caused her death. (*See* Doc. # 1 ("They refuse to give me my mother record and cause her death. . . . This counsel upon wrongfully document not given to Mrs. Franklin son, this is a crime act under federal and state law prohibited.").) The Magistrate Judge, expressing uncertainty about the substance of Plaintiff's allegations and this court's jurisdiction over them, gave Plaintiff leave to amend his complaint. (Doc. # 6.) Specifically, the court

directed Plaintiff to satisfy the requirements of Rule 8 by filing a complaint setting out "a short and plaint statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing" entitlement to relief. Fed. R. Civ. P. 8(a)(1)–(2). The Magistrate Judge gave Plaintiff fourteen days in which to amend his complaint and informed him that failure to file an amended complaint might result in a recommendation that Plaintiff's claim be dismissed. (Doc. # 6 at 3.) Fourteen days passed, and Plaintiff did not amend his complaint. But when the Magistrate Judge recommended dismissal, Plaintiff objected.

Though the court reviews *de novo* the portion of the Recommendation to which the objection applies, 28 U.S.C. § 636(b)(1), it need not consider "[f]rivolous, conclusive, or general objections." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotations omitted). The court must, however, construe *pro se* pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotations omitted)).

A liberal construction of Plaintiff's objection does not remedy his complaint's deficiencies. Plaintiff's objection recounts events that occurred after he filed his complaint and makes vague references to "this counsel" and "the company." (Doc. # 8.) There are similarly vague statements regarding violations of Plaintiff's "civil

rights" and "unlawful act[s]" of "retaliat[ion] against an complaint about the job," "Title 22 Negligence Neglect abuse as living at the facility," the "Disabilities Act of 1990," and "Title VII of the Civil Rights Act." (Doc. # 8.) If the court construed such references as assertions of grounds for federal question jurisdiction – and to do so would be an exceedingly liberal construction – the complaint would still suffer from a complete lack of factual allegations "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, it is ORDERED as follows:

1. Plaintiff's objection (Doc. # 8) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 7) is ADOPTED;

3. Plaintiff's complaint is DISMISSED without prejudice for failure to state a claim on which relief can be granted and for failure to prosecute this action and comply with the orders of this court.

A separate judgment shall issue.

DONE this 8th day of May, 2013.

                                          /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE